Michael W. Franell, OSB No. 902680
FranellLaw@uci.net
Attorney at Law
724 S. Central Avenue Ste 113
Medford, OR 97501-7808
Telephone: 541-646-4111
Facsimile: 541-646-4112
    Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **MICHELLE FORSYTH**,<br><br>          Plaintiff,<br><br>v.<br><br>**LOWE'S HIW, INC.**,<br>a North Carolina Corporation,<br><br>          Defendant. | No. 10-3129-CL<br><br>**COMPLAINT**<br>(Claim for Violation of Plaintiff's Civil Rights, Sexual Discrimination ORS 659A.030, 42 USC §2000e-2(m), Violation of ORS 659A.171, Retaliation ORS 659A.183, Disability Discrimination ORS 659A.112, , 42 USC §2000e(2)(a), American with Disabilities Act)<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, Michelle Forsyth, an individual who at all relevant times herein is an individual who is a resident of Jackson County, Oregon, complaining of acts of Defendant, Lowes HIW, Inc, a North Carolina Corporation, doing business in Medford, Jackson County, Oregon as "Lowe's."

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 USC § 1446 and 28 USC § 1332 under diversity of citizenship.

Page 1- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541-646-4111 · F: 541-646-4112
FranellLaw@uci.net

2. Venue is properly in the District Oregon as Plaintiff was at all material times hereto a resident of Oregon, Defendant, Lowes, HIW, Inc. is a North Carolina corporation with principal offices in Seattle, Washington, and operating the store which committed the acts alleged in Medford, Oregon, and pursuant to 28 U.S.C. §1391 a substantial part of the causes of action occurred in Jackson County, Oregon.

3. This suit was timely filed within 90 days of the date that BOLI has issued its 90-day letter of right to sue and within 2 years of the date the alleged discrimination took place.

## COMPLAINT

1. This is a claim for relief under ORS 659A.885 for violation of Plaintiff's rights under ORS 659A.030, (1)(b), for violation of the Oregon Family Leave Act provisions in ORS 659A.171 and ORS 659A.183, for violation of Plaintiff's civil rights under Title VII, 42 USC §2000e-2(m) and for disability discrimination under ORS 659A.112 and 29 USC §2000e-2(a). The Defendants discriminated against Plaintiff, Michelle Forsyth, by refusing to allow her to return to work at the end of her Family Medical Leave, by demoting her when she did return to work, by terminating her health insurance; and, by denying her opportunity for promotion because she is female..

## FACTS

2. Plaintiff was employed by Defendant, Lowe's HIW. ("Lowe's"), at their retail store located at 3601 Crater Lake Highway, Medford Oregon, since Lowe's purchased the store at that location, and had been continuously employed from that date until present.

3. Plaintiff works full time for Defendant Lowe's.

4. Plaintiff had worked her way up to the sales manager position, for which she was hired prior to Greg Carlton assuming duties as store manager.

Page 2- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

5. During Plaintiff's employment for Lowes, Defendant hired Greg Carlton as the Store Manager for the store at the 3601 Crater Lake Highway, Medford Oregon.

6. Plaintiff suffered an acute asthma attack in or around August 2008, which rendered her unable to speak above a whisper level.

7. Plaintiff requested time off in August 2008 because of her medical condition.

8. Defendant, Greg Carlton, initially denied the time off because he was scheduled to take vacation during that time, but later consented to Plaintiff working part time.

9. On September 9, 2008, Plaintiff submitted a request for Family Medical Leave. The request was signed by Plaintiff on September 10, 2008.

10. Prior to Plaintiff's submission of the FMLA/OFLA request, Defendant had not notified Plaintiff that she was on medical leave.

11. Plaintiff had not utilized any FMLA or OFLA leave within the prior year.

12. Plaintiff attempted to return to work on November 28, 2008, after receiving approval from her physician to return to work with reasonable accommodations to avoid additional asthma issues.

13. Defendant would not allow Plaintiff to return to work without a written physician release.

14. Plaintiff was unable to see her physician to get a written return to work release until December 19, 2008. On that date she received a written return to work release which indicated that Plaintiff needed reasonable accommodations to avoid exacerbation of her asthma condition.

15. Plaintiff was capable of performing the essential functions of her job with reasonable accommodations.

16. On January 27, 2009, Defendant contacted Plaintiff and indicated that since she had not returned to work prior to the expiration of her family leave entitlement that her former position had been filled and she had the choice of: 1) move to Salem as a Zone Manager at

Page 3- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 • F: 541-646-4112
FranellLaw@uci.net

a 10% pay cut, 2) be a Head Cashier for 29k, 3) be Department Manager for 39k or 4) be a CSS for 37k.

17. On February 3, 2009, Plaintiff returned to work, but had been demoted to a Department Manager at a 35% reduction in pay.

18. When Plaintiff returned to work, her health insurance had been canceled. Plaintiff asked Defendant if she could have the health insurance reinstated and was told that she had to wait until open enrollment in the Fall of 2009.

19. Petitioner was told that she would be able to apply for a zone manager position when one became available.

20. Two zone manager positions became available during 2009 – one became available April 2009 and one became available July 2009.

21. Plaintiff applied for both positions.

22. Plaintiff did not even receive an interview for either position.

23. Store Manager, Greg Carlton was not happy having female employees in key manager positions and verbally expressed such in meetings held in July and August 2009.

24. Each of the zone manager positions were given to men.

25. Defendant employs more than 25 employees at the Medford location and more than 50 employees statewide.

## Procedural Requirements

26. Plaintiff has filed this complaint in less than 90 days following receipt of a letter of right to sue from BOLI and less than two years following the events of discrimination.

## Plaintiff's First Claim

## Sexual Discrimination in Violation of ORS 659A.030

27. The Facts contained in paragraphs 2 – 26 are incorporated herein.

Page 4- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 • F: 541-646-4112
FranellLaw@uci.net

28. Defendant unlawfully discriminated against Plaintiff in violation of ORS 659A.030 because Plaintiff is female when Defendant demoted Plaintiff from her Sales Manager Position and refused to interview Plaintiff for two zone manager positions even though Plaintiff was fully qualified.

29. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to, loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00

30. It is impossible to adequately quantify the damages suffered by the Plaintiff in this case in regards to humiliation, helplessness, embarrassment, intimidation and betrayal of trust placed in her colleagues. As a direct and proximate cause of Defendants' collective and individual actions, Plaintiff has suffered intimidation, helplessness, humiliation, embarrassment and betrayal of trust placed in her colleagues for which she seeks non-economic damages in an amount not to exceed $250,000.

31. Defendants, engaged in broad pattern sexual discrimination against employees based upon their gender. Because of this, Plaintiff should be awarded punitive damages in an amount not to exceed $1,000,000.00.

## Plaintiff's Second Claim for Relief
## Retaliation in Violation of ORS 659A.183

32. The facts alleged in paragraphs 2 -26 above are realleged and incorporated herein by reference.

33. Defendants unlawfully retaliated against Plaintiff because Plaintiff exercised her rights under OFLA/FMLA when she took medical leave September 8, 2008 through November 28, 2008.

Page 5- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

34. Defendants failed to return Plaintiff to work when she requested to be returned to work.

35. Plaintiff exercised a significant right related to her employment by filing for family medical leave.

36. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to, loss of earnings and the loss of employment benefits in amounts to be proved at trial and not to exceed $120,000.00

**Plaintiff's Third Claim for Relief**

**Disability Discrimination under ORS 659A.112**

37. The Facts contained in paragraphs 2 – 26 are incorporated herein.

38. Plaintiff has a disabling condition of chronic asthma.

39. Plaintiff's chronic asthma affected Plaintiff's ability to breath and to speak.

40. Plaintiff was required to take several weeks of medical leave due to the affects of her asthma, such leave beginning on September 8, 2008.

41. On November 28, 2008, Plaintiff requested to return to work with reasonable accommodations to prevent further asthma attack.

42. Defendant required Plaintiff to obtain medical certification as to her requested accommodations.

43. On December 19, 2008, Plaintiff provided her doctor's note requesting the medical accommodations.

44. Plaintiff was capable of performing the essential functions of her position as Sales Manager with the reasonable accommodations.

45. Defendant failed to permit Plaintiff to return to work until February 3, 2010.

Page 6- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

46. When Defendant permitted Plaintiff to return to work, Defendant demoted Plaintiff and reduced her pay by approximately 35%.

47. Since Plaintiff was unable to return to work when requested, Plaintiff's health insurance ended up being terminated.

48. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to Plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to, loss of earnings and loss of employment benefits in amounts to be proved at trial and not to exceed $220,000.00.

49. It is impossible to adequately quantify the damages suffered by the Plaintiff in this case in regards to humiliation, helplessness, embarrassment, intimidation and emotional pain and suffering. As a direct and proximate cause of Defendants' collective and individual actions, Plaintiff has suffered intimidation, helplessness, humiliation, embarrassment and emotional pain and suffering for which she seeks non-economic damages in an amount not to exceed $250,000.00.

**Plaintiff's Fourth Claim for Relief**

**Sexual Discrimination in violation of TitleVII, 42 USC §2000e-2(m)**

50. The Facts contained in paragraphs 2 – 26 are incorporated herein.

51. Defendant unlawfully discriminated against Plaintiff in violation of ORS 42 USC §2000e-2(m) because Plaintiff is female when Defendant demoted Plaintiff from her Sales Manager position and refused to interview Plaintiff for two zone manager positions even though Plaintiff was fully qualified.

52. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to,

Page 7- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

           loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00

53. It is impossible to adequately quantify the damages suffered by the Plaintiff in this case in regards to humiliation, helplessness, embarrassment, intimidation and betrayal of trust placed in her colleagues. As a direct and proximate cause of Defendants' collective and individual actions, Plaintiff has suffered intimidation, helplessness, humiliation, embarrassment and betrayal of trust placed in her colleagues for which she seeks non-economic damages in an amount not to exceed $250,000.

54. Defendants, engaged in broad pattern sexual discrimination against employees based upon their gender  Because of this, Plaintiff should be awarded punitive damages in an amount not to exceed $1,000,000.00.

**Plaintiff's Fifth Claim for Relief**

**Violation of FMLA requirements - 29 USC §2615**

55. The Facts contained in paragraphs 2 – 26 are incorporated herein.
56. Plaintiff has a disabling condition of chronic asthma.
57. Plaintiff's chronic asthma affected Plaintiff's ability to breath and to speak.
58. Plaintiff was required to take several weeks of medical leave due to the affects of her asthma, such leave beginning on September 8, 2008.
59. On November 28, 2008, Plaintiff requested to return to work with reasonable accommodations to prevent further asthma attack.
60. Defendant required Plaintiff to obtain medical certification as to her requested accommodations.
61. On December 19, 2008, Plaintiff provided her doctor's note requesting the medical accommodations.

Page 8- COMMPLAINT

Michael W. Franell, Attorney at Law  
724 S. Central Ave Ste 113  
Medford, OR 97501-7808  
T: 541- 646-4111 · F: 541-646-4112  
FranellLaw@uci.net

62. Plaintiff was capable of performing the essential functions of her position as Sales Manager with the reasonable accommodations.

63. Defendant failed to permit Plaintiff to return to work until February 3, 2010.

64. When Defendant permitted Plaintiff to return to work, Defendant demoted Plaintiff and reduced her pay by approximately 35%.

65. Since Plaintiff was unable to return to work when requested, Plaintiff's health insurance ended up being terminated.

66. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to Plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to, loss of earnings and loss of employment benefits in amounts to be proved at trial and not to exceed $120,000.00.

### Plaintiff's Sixth Claim for Relief
### Disability Discrimination in Violation of the Americans with Disabilities Act
### 42 USC §12112(a)–(b), (d)

67. The Facts contained in paragraphs 2 – 26 are incorporated herein.

68. Plaintiff has a disabling condition of chronic asthma.

69. Plaintiff's chronic asthma affected Plaintiff's ability to breath and to speak.

70. Plaintiff was required to take several weeks of medical leave due to the affects of her asthma, such leave beginning on September 8, 2008.

71. On November 28, 2008, Plaintiff requested to return to work with reasonable accommodations to prevent further asthma attack.

72. Defendant required Plaintiff to obtain medical certification as to her requested accommodations.

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541-646-4111 · F: 541-646-4112
FranellLaw@uci.net

73. On December 19, 2008, Plaintiff provided her doctor's note requesting the medical accommodations.

74. Plaintiff was capable of performing the essential functions of her position as Sales Manager with the reasonable accommodations.

75. Defendant failed to permit Plaintiff to return to work until February 3, 2010.

76. When Defendant permitted Plaintiff to return to work, Defendant demoted Plaintiff and reduced her pay by approximately 35%.

77. Since Plaintiff was unable to return to work when requested, Plaintiff's health insurance ended up being terminated.

78. Defendant's discriminatory conduct against Plaintiff has resulted in economic damages to Plaintiff in the form of lost earnings, lost benefits and the present value of future lost earnings. Plaintiff is therefore entitled to economic damages, including but not limited to, loss of earnings and loss of employment benefits in amounts to be proved at trial and not to exceed $220,000.00.

79. It is impossible to adequately quantify the damages suffered by the Plaintiff in this case in regards to humiliation, helplessness, embarrassment, intimidation and emotional pain and suffering. As a direct and proximate cause of Defendants' collective and individual actions, Plaintiff has suffered intimidation, helplessness, humiliation, embarrassment and emotional pain and suffering for which she seeks non-economic damages in an amount not to exceed $250,000.00.

80. Defendants, intentionally delayed in responding to Plaintiff's request for reasonable accommodations, canceled her health insurance and demoted Plaintiff. Plaintiff should be awarded punitive damages in an amount not to exceed $1,000,000.00.

**Prayer For Relief**

Wherefore, Plaintiff requests the court to:

In regards to Plaintiff's First Claim

1. Declare Defendants in violation of ORS 659A.030.

2. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person's sex.

3. Award Plaintiff economic damages, including but not limited to, loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00.

4. Order Defendants to make Plaintiff whole by compensating her for the pain and emotional humiliation Defendant's wrongful actions caused Plaintiff in the amount of $250,000.00.

5. Award Plaintiff punitive damages in an amount not to exceed $1,000,000.00.

6. Award Plaintiff her costs of suit and pursuant to ORS 659A.885(1), her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court.

7. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

8. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

In regards to Plaintiff's Second Claim:

9. Declare Defendants in violation of ORS 659A.171 and ORS 659A.183.

10. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person exercising their rights to file for family medical leave.

Page 11- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

11. Order Defendants to make Plaintiff whole by compensating her for lost back wages and benefits in an amount of at least $120,000.00, including expenses, lost past earnings all in such amounts as are determined at trial.

12. Award Plaintiff her costs of suit, her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court.

13. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

14. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

In regards to Plaintiff's Third Claim for Relief:

15. Declare Defendants in violation of ORS 659A.112.

16. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person's disability.

17. Award Plaintiff economic damages, including but not limited to, loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00.

18. Order Defendants to make Plaintiff whole by compensating her for the pain and emotional humiliation Defendant's wrongful actions caused Plaintiff in the amount of $250,000.00.

19. Award Plaintiff her costs of suit, her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court, pursuant to ORS 659A.885(1).

20. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

21. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

In regards to Plaintiff's Fourth Claim for Relief:

Page 12- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net

22. Declare Defendants in violation of TitleVII, 42 USC §2000e-2(m).

23. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person's sex.

24. Award Plaintiff economic damages, including but not limited to, loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00.

25. Order Defendants to make Plaintiff whole by compensating her for the pain and emotional humiliation Defendant's wrongful actions caused Plaintiff in the amount of $250,000.00.

26. Award Plaintiff punitive damages in an amount not to exceed $1,000,000.00.

27. Award Plaintiff her costs of suit and pursuant to ORS 659A.885(1), her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court.

28. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

29. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

In regard to Plaintiff's Fifth Claim for Relief:

30. Declare Defendants in violation of 29 USC §2615..

31. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person exercising their rights to file for family medical leave.

32. Order Defendants to make Plaintiff whole by compensating her for lost back wages and benefits in an amount of at least $120,000.00, including expenses, lost past earnings all in such amounts as are determined at trial.

Page 13- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 • F: 541-646-4112
FranellLaw@uci.net

33. Award Plaintiff her costs of suit, her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court.

34. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

35. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

In regard to Plaintiff's Sixth Claim for Relief:

36. Declare Defendants in violation of 42 USC §12112(a)–(b), (d).

37. Grant a permanent injunction enjoining Defendants, their owners, officers, management personnel, employees, agents, successors, and assigns, and all persons in active concert or participation with Defendants, from engaging in employment practices which discriminate on the basis of a person's disability.

38. Award Plaintiff economic damages, including but not limited to, loss of earnings, loss of employment benefits, the present value of loss of future earnings in amounts to be proved at trial and not to exceed $220,000.00.

39. Order Defendants to make Plaintiff whole by compensating her for the pain and emotional humiliation Defendant's wrongful actions caused Plaintiff in the amount of $250,000.00.

40. Award Plaintiff her costs of suit, her reasonable attorney fees, costs and expert witness fees in an amount to be determined by the court, pursuant to 42 USC §12205.

41. Order Defendants to pay prejudgment and postjudgment interest on all amounts due to Plaintiff as a result of this action.

42. Order such further or alternative relief in favor of Plaintiff as the court deems appropriate.

DATED: November 15, 2010

By _____
Michael W. Franell, OSB No. 902680
Telephone: 541-646-4111
Attorneys for Plaintiff

Page 14- COMPLAINT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
FranellLaw@uci.net